ORIGINAL

FILED

10/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0416

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0416

ANNELIES AIKING-TAYLOR,

Plaintiff and Appellant,

v.

OLIVER SERANG,

Defendant and Appellee.

FILED

OCT 0 6 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Through counsel, Appellee Oliver Serang (Oliver) moves this Court for dismissal without prejudice of this appeal concerning a landlord-tenant dispute because no final judgment has been entered by the Missoula County District Court. Representing herself, Appellant Annelies Aiking-Taylor (Annelies) responds in opposition and points out that the District Court has since entered a final judgment.

Oliver cites to M. R. App. P 6(1) and 4(1)(a) where this Court may review only the appeal of a final judgment that settles all claims and controversies. Oliver points out that Annelies filed her Notice of Appeal on August 20, 2020, attaching a copy of a July 23, 2020 court order granting Oliver's motion for summary judgment and denying Annelies's motion for summary judgment. He puts forth that this order is not appropriate for appeal because the order denied her motion for summary judgment, pursuant to M. R. App. P. 6(5)(b). Oliver concludes this these rules require dismissal.

Annelies counters that the July 23, 2020 order granted Oliver's motion for summary judgment and is appealable based on her understanding of final judgment. She points out that, in this order, the District Court determined the time frames for Oliver to submit attorney fees and costs and for Annelies to file any objections. She explains that as a self-represented litigant, she did not want to miss the deadline for a timely appeal. She states that after she filed her Notice of Appeal, the District Court decided the amount of fees and costs to be awarded to Oliver.

While this Court may only review final judgments on appeal, we observe that we have received such judgment. "A final judgment conclusively determines the rights of the parties and settles all claims in controversy in an action or proceeding, including any necessary determination of the amount of costs and attorney fees awarded or sanction imposed." M. R. App. P. 4(1)(a). The District Court record was filed with this Court on September 29, 2020, after Oliver filed his motion to dismiss appeal. The court record includes a copy of the September 23, 2020 Judgment where the District Court entered a final judgment on attorney fees and costs, as Annelies pointed out in her response. M. R. App. P. 4(1)(a). We note that she did not file any objection. While Annelies did not refer to this final judgment when she filed her appeal, the final judgment did not exist then and should not result in dismissal of this appeal. A final judgment and the July 23, 2020 order granting Oliver's motion for summary judgment are included in the record on appeal. M. R. App. P. 6(1). We conclude that Annelies's appeal is properly before this Court. Accordingly,

IT IS ORDERED that Oliver's Motion to Dismiss is DENIED. We point out that Annelies's opening brief is due on or before October 30, 2020.

The Clerk is directed to provide a copy of this Order to counsel of record and to Annelies Aiking-Taylor along with a copy of this Court's Civil Appellate Handbook.

DATED this 6th day of October, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

2